UNITED STATES DISTRICT COURT	ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EDWARD JOHNSON,

                          Plaintiff,           MEMORANDUM AND ORDER

      -against-                         10-CV-338 (JG)

NEW YORK CITY DEPARTMENT
OF CORRECTION,

                          Defendant.
----------------------------------------------------------------x

A P P E A R A N C E S:

    EDWARD JOHNSON
        Upstate Correctional Facility
        309 Bare Hill Road
        P.O. Box 2001
        Malone, NY 12953
        *Plaintiff* pro se

    MICHAEL A. CARDOZO
        Corporation Counsel of the
        City of New York
        100 Church Street, Room 2-189
        New York, New York 10007
    By:    Andrew J. Rauchberg
        *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Edward Johnson brings this action under 42 U.S.C. § 1983 against the New York City Department of Corrections, claiming that his constitutional rights were violated when he slipped and fell in a shower on April 11, 2009 while incarcerated at Riker's Island Correctional Facility. He also names as defendants a Correctional Officer Bey and an inmate Leslie Brown, even though he does not allege that they did anything other than witness his fall.[1] Although Johnson alleges injuries to his back and left leg as a result of the fall, he does not appear to

---

1.    It appears that Officer Bey has not been served as a defendant in this action.

request any monetary damages. Rather, he seeks injunctive relief requiring the placement of rubber mats in showers at Riker's Island. The Department of Corrections moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## DISCUSSION

As I must at this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in Johnson's favor. *See Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). The Eighth Amendment guarantees an inmate's right to be free from conditions of confinement that impose an excessive risk to his health or safety. To state such a claim, a plaintiff must allege not only that a he was incarcerated under conditions posing such a risk, but that prison employees were deliberately indifferent to that risk. *See Trammell v. Keane*, 338 F.3d 155, 164 (2d Cir. 2003). "Courts have regularly held," however, "that a wet or slippery floor does not pose an objectively excessive risk to prisoners." *Sylla v. City of New York*, No. 04-CV-5692, 2005 WL 33366460, at *3 (E.D.N.Y. Dec. 8, 2005) (collecting cases); *see also Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) ("Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." (internal quotation marks omitted)). Moreover, even if a slippery shower floor did pose such a risk, Johnson has not alleged that any Department of Corrections employee was deliberately indifferent to that risk, as opposed to merely negligent. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("[N]egligence is insufficient to support an Eighth Amendment claim.").

## CONCLUSION

The motion to dismiss for failure to state a claim is granted. Therefore, I do not address the defendant's other proposed bases for dismissal.

So ordered.

John Gleeson, U.S.D.J.

Dated: June 11, 2010
      Brooklyn, New York